UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GELAZELA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:21-cv-1499-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO SEAL<br><br>(ECF Nos. 3 & 4) |

Plaintiff did not file a motion to seal. However, at the end of two separate documents, Plaintiff asks for the proceedings to be sealed and not published for public view. (ECF No. 3, p. 2; ECF No. 4, p. 5).

This sealing request is governed by the compelling-reason standard, which requires the party asking the Court to seal judicial records to overcome the strong presumption in favor of access to court records by providing a compelling reason for the Court to seal the records:

> Following the Supreme Court's lead, we start with a strong presumption in favor of access to court records. The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.
>
> Accordingly, a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance

the competing interests of the public and the party who seeks to keep certain judicial records secret.  What constitutes a compelling reason is best left to the sound discretion of the trial court.

Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (alterations, citations, and internal quotation marks omitted).

This district's local rules add to the requirements.  Under Local Rule 141(b), a party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."

Plaintiff's requests to seal the entire action will be denied.  Plaintiff has failed to overcome the strong presumption in favor of access to court records.  The reason Plaintiff is requesting that this action be sealed is that he fears retribution, but he has not submitted any evidence in support of his request suggesting that he will be subjected to retribution because the public will be able to view the documents filed in this lawsuit.  Plaintiff also mentions the "sensitive nature" of his complaint, but Plaintiff does not explain what the sensitive nature is.

Additionally, Plaintiff failed to comply with Local Rule 141(b).  He did not set forth the authority in support of his requests to seal, he did not state how long he wants the case to remain sealed, and he did not identify the persons who would be permitted to access the sealed documents.

As Plaintiff failed to overcome the strong presumption in favor of access to court records and failed to comply with Local Rule 141(b), IT IS ORDERED that Plaintiff's requests to seal are DENIED.

IT IS SO ORDERED.

Dated:   **October 15, 2021**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE