UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GELAZELA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01499-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 18) |

Mark Gelazela ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this action.

On March 21, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 18). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because he is 70% disabled and homeless, which greatly limits his ability to litigate; because the issues involved in this case are complex, and will require significant research and investigation; because he has limited access to resources; because he has limited knowledge of the law; because he has applied to move to the East Coast, making it difficult for him to obtain the things he would need to litigate a case based in California; because he has made repeated efforts to obtain a lawyer; and because a trial in this case will likely involve testimony, and counsel would better enable Plaintiff to present evidence and cross-examine witnesses.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 22, 2022**            /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE