UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GELAZELA, | Case No. 1:21-cv-01499-JLT-EPG (PC) |
| Plaintiff, | ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Mark Gelazela ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this action.

On April 13, 2023, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 39). The parties have now filed their statements. (ECF Nos. 41 & 42).

The Court has reviewed this case and the parties' statements.[1] In an effort to secure the

---

[1] "Defendants anticipate challenging the issue of exhaustion both as to the FTCA claim against the United States and the *Bivens* claim against Dr. Moore. Defendants also anticipate filing a motion for judgment on the *Bivens* claim in light of *Egbert v. Boule*, 142 S. Ct. 1793 (2022), which was decided after the screening orders in this case." (ECF No. 42, p. 3). Defendant(s) state that they will be prepared to file their motions for summary judgment based on exhaustion within ninety days, and ask the Court to stay substantive discovery pending resolution of these motions. (Id. at 3-4).
    The Court will not stay discovery at this time. When Defendant(s) file their motion(s), they may concurrently file a motion to stay the remainder of the case pending resolution of the motion(s).
    While not deciding the issue at this time, the Court also notes that Plaintiff asserts that he was on home confinement when he filed this case (ECF No. 1, p. 1), and that "the exhaustion requirement applies only to 'prisoners.' A 'prisoner' is defined as 'any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.' 42 U.S.C. § 1997e(h).

just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

    a. Documents regarding exhaustion of Plaintiff's claims, including complaint(s) filed by Plaintiff and response(s) to Plaintiff's complaints. This includes documents regarding exhaustion of the Bureau of Prisons' administrative process and documents regarding exhaustion of the Federal Tort Claims Act administrative process.

    b. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case.

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

5. Parties may object to producing any of the above-listed documents and/or evidence.  Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence).  The objection should include the basis for not providing the documents and/or evidence.  If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order.  If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response.  If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated:   **May 24, 2023**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE